IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GREGORY P. JOHNSON | : | |
| | : | CIVIL ACTION |
| v. | : | |
| | : | |
| MARIROSA LAMAS, SUPERINTENDENT, | : | |
| SCI ROCKVIEW, et al. | : | NO.  10-5326 |

## MEMORANDUM AND ORDER

ELIZABETH T. HEY
UNITED STATES MAGISTRATE JUDGE

        In this habeas corpus action, Petitioner, through counsel, submitted an ex parte motion seeking a court order to compel The Children's Hospital of Philadelphia ("CHOP") to comply with a subpoena issued by Petitioner for physical evidence and documentation pertaining to an examination performed on December 22, 2003, on a five-year old child ("A.O.") whose sexual assault gave rise to the underlying prosecution.  For the reasons that follow, I will direct the Clerk's Office to file the motion and give Respondents an opportunity to respond.

## I.    RELEVANT FACTUAL AND PROCEDURAL HISTORY

        On September 30, 2010, Petitioner Gregory Johnson ("Petitioner") filed the present habeas motion seeking federal habeas review of his state court conviction for sexually assaulting A.O. in December 2003.  See Doc. 1.  Petitioner raises three claims of ineffective assistance of counsel, the most relevant for present purposes being a claim that trial counsel was ineffective for failing to introduce DNA evidence that would have

supported Petitioner's theory of the case.  See Doc. 1 at ¶ 12 Ground One.  Respondents

concede that the petition is timely, but that Petitioner is not entitled to relief on the merits.

See Doc. 11 at 11-18.

Petitioner raised the identical claim in his petition under Pennsylvania's Post-

Conviction Relief Act ("PCRA"), which was heard by the same judge who presided over

his bench trial.  The PCRA court conducted a hearing on the question of counsel's failure

to obtain DNA evidence, and obtained testimony from Petitioner's trial counsel.  Of

relevance to the present issue, the PCRA court reasoned as follows in denying relief:

> During the PCRA hearing, trial counsel stated that his strategy
> was to proceed with a waiver trial.  N.T. 10/18/07, p.43.  Counsel
> believed that a jury would convict [Petitioner] based on
> allegations alone, and the best approach was to argue to a judge
> that the Commonwealth failed to prove all of the elements of the
> charges.  N.T. 10/18/07, pp. 43, 45-46. 75, 81-85.  Trial counsel
> stated that he discussed this strategy with [Petitioner] as well as
> other strategies, and that [Petitioner] agreed with the "sufficiency
> of the evidence" strategy.
>
> Trial counsel stated that for strategic reasons he chose not to
> pursue the issue that another male's DNA was found.  N.T.
> 10/18/07, p. 74.  Trial counsel stated that he was aware that there
> was evidence of another male's DNA as early as August 22,
> 2004.  N.T. 10/18/07, p. 35.  However, trial counsel testified: "I
> wasn't sure where it would get me if I determined the DNA was
> somebody else's.  What does that prove?"  N.T. 10/18/07, p.101.
> Trial counsel admitted that although the DNA of another man on
> the vaginal swab would "absolutely" be significant to the
> defense, he "didn't know how it would change the testimony of
> the mother," as identity was never an issue in the case.  N.T.
> 10/18/07, pp. 78, 113.  Trial counsel acknowledged that this
> could have been one theory of a defense, but that he made a
> strategic decision not to put on circumstantial evidence that

2

another male may have been abusing the child.  N.T. 10/18/07,
pp. 45, 70-71.  For these reasons, we found that trial counsel was
effective, did not fail to conduct pretrial discovery, and did not so
undermine the truth-determining process that no reliable
adjudication of guilt or innocence could have taken place.

* * * *

. . . . As previously discussed above, the DNA evidence in this
case was of no moment to the Court or to [Petitioner's]
conviction.  [Petitioner] was not convicted based on physical
evidence and it was stipulated that there was no DNA evidence
linking [Petitioner] to A.O.  On May 4, 2005, during
[Petitioner's] Post-Sentence Motion hearing, the [National
Medical Services] DNA analysis records were admitted and
indicated that no DNA from [Petitioner] was on the victim's
underwear and there was partial DNA with a Y chromosome that
did not belong to [Petitioner].

This evidence did not change the court's verdict.  Again during
the PCRA hearing, the Court stated "it did not change my view."
N.T. 10/18/07, p.15.  This Court reiterated that it made a
credibility decision "based on both the testimony of the mother
and [Petitioner]."  N.T. 10/18/07, p.18.

PCRA Ct. Op. 12/18/09, at 8, 14-15.

On January 7, 2011, after commencement of the present habeas action, Petitioner

served a subpoena on CHOP requesting "any and all records pertaining to the treatment of

A.O. on December 22, 2003 to include, but not limited to, the actual vaginal swabs taken

for sexually transmitted diseases, slides or other samples, test results, and any and all

documents reflecting delivery or surrender of said swabs to any other person and/or law

enforcement agency."  See Ex Parte Motion at ¶ 5.  In response to the subpoena, CHOP

provided Petitioner with a copy of A.O.'s records that did not include all of the material

and documentation requested.  <u>Id.</u> at ¶ 6.  On June 17, 2011, Petitioner served a second, nearly identical subpoena on CHOP.  <u>Id.</u> at ¶ 7.

By letter dated June 21, 2011, Petitioner submitted to chambers an "*Ex Parte* Motion for Order for Hospital to Comply with Subpoena for Physical Evidence and Documentation," seeking medical evidence related to the rape kit test performed by the hospital on the child victim, A.O.[1]  As the name indicates, the motion was submitted ex parte, Respondents were not served with a copy, and the motion was neither submitted to, nor filed by, the Clerk's Office.[2]

## II.   <u>DISCUSSION</u>

In making his ex parte request to the court, Petitioner relies on Rules 6 and 7 of the Rules Governing Section 2254 Cases for the proposition that a court may enter orders necessary for the production of documents and evidence necessary for consideration of the issues raised in a habeas petition.  <u>See</u> Ex Parte Motion at ¶ 9.  Discovery in a habeas proceeding is governed by Rule 6, which provides that "[a] judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure and may limit the extent of discovery."  R. Gov. § 2254 Cases 6(a).   Additionally, Rule 6

---

[1]Petitioner argues that the record is contradictory as to whether actual physical evidence such as the vaginal swabs and slides were surrendered to law enforcement or retained by the hospital, and, if so, whether they were preserved by the hospital.  <u>See</u> Ex Parte Motion at ¶ 4.

[2]Counsel's cover letter indicates that a copy of the ex parte motion was provided to Anne Marie Boyan, Associate General Counsel for CHOP.  The court has not received any submission from CHOP's counsel.

provides that "[a] party requesting discovery must provide reasons for the request.  The request must also include any proposed interrogatories and requests for admission, and must specify any requested documents."  Id. R. 6(b).  The Third Circuit recently addressed the issue (in a non-ex parte context) and explained that "[a] habeas petitioner may satisfy the 'good cause' standard by setting forth specific factual allegations which, if fully developed, would entitle him or her to the writ."  Williams v. Beard, 637 F.3d 195, 209 (3d Cir. 2011) (citing Harris v. Nelson, 394 U.S. 286, 300 (1969)).  "The burden rests upon the petitioner to demonstrate that the sought-after information is pertinent and that there is good cause for its production."  Id. (citing R. 6(b); Williams v. Bagley, 380 F.3d 932, 974 (6th Cir. 2004); Murphy v. Johnson, 205 F.3d 809, 814-15 (5th Cir. 2000)).

In addition, Rule 7 provides that a "judge may direct the parties to expand the record by submitting additional materials relating to the petition."  R. Gov. § 2254 Cases 7(a).  Rule 7 further provides that the judge "must give the party against whom the additional materials are offered an opportunity to admit or deny their correctness."  Id. R. 7(c).

Against this limited and highly restricted backdrop of discovery in habeas proceedings, Petitioner, through counsel, has submitted an ex parte motion for discovery.  Ex parte motions for discovery are not explicitly permitted by Rule 6 or Rule 7, nor are

they discussed in the advisory committee notes accompanying the rules.[3]  Petitioner has

not provided any argument or caselaw supporting the propriety of the ex parte submission

or for the court's ruling ex parte.  Thus, Petitioner's request raises the threshold question

whether the motion was properly submitted ex parte.

Courts in this jurisdiction have not squarely addressed the issue of ex parte

discovery motions in the habeas context.  However, the Fourth Circuit has held that

discovery motions require notice and an opportunity to be heard by the nonmoving party,

as well as a determination by the presiding judge that there is good cause for the request.

In re Pruett, 133 F.3d 275 (4th Cir. 1997).  In what the court characterized as an issue of

first impression, the Fourth Circuit determined that to allow an ex parte discovery motion

in the habeas context would not only deny the nonmoving party notice, but also would

circumvent Rule 6's requirement that a judge find good cause for any discovery motion.

Id. at 278, 281.  The United States Supreme Court has referenced the Pruett holding,

noting that "[w]e express no opinion on the Fourth Circuit's decision on this question."

Strickler v. Greene, 527 U.S. 263, 287 n.28 (1999).

The petitioner in Pruett was convicted of murder and sentenced to death.  Motions

were filed and granted in federal court for appointment of counsel and for stay of

---

[3]The advisory committee notes accompanying the 1976 adoption of Rule 7 provides that "[u]nder subdivision (c) all materials proposed to be included in the record must be submitted to the party against whom they are to be offered."  R. Gov. § 2254 Cases 7 advisory committee's note.

execution.  Prior to filing a habeas petition, appointed counsel filed an ex parte discovery

motion under seal, seeking personnel files of police officers involved in the investigation

of the murder for which petitioner was convicted.  The district court granted the motion,

without requiring notice to respondents.  Respondents in <u>Pruett</u> petitioned for writ of

mandamus, seeking to have the discovery order nullified.  In granting the request, the

Fourth Circuit stated that Pruett "is unable to cite any specific authority in the

rules—civil, criminal, habeas, or local—or statutes for *permitting* ex parte discovery.

Instead, his argument is that specific statutory authority for the court to proceed ex parte

in certain enumerated areas should be extended to discovery."  <u>Pruett</u>, 133 F.3d at 279

(emphasis in original).[4]  The court noted that some civil matters may be conducted ex

parte, such as those pursuant to 21 U.S.C. § 848(q)(9) authorizing payment of an indigent

petitioner's "investigative, expert, or other services" if a proper showing is made

concerning the need for confidentiality.  <u>Id.</u>[5]  Similarly, the court noted that Rule 17(b) of

the Federal Rules of Criminal Procedure provides for the issuance and service of

---

[4]The Federal Rules of Civil Procedure apply to habeas cases "to the extent that the
practice in those proceedings is not specified in . . . the Rules Governing Section 2254
Cases."  Fed. R. Civ. P. 81(a)(4).  Thus, Rule 5(a), which requires that motions be served
on the parties absent authority for an ex parte motion, applies.  <u>See</u> Fed. R. Civ. P. 5(a)
("every written motion *other than one which may be heard ex parte* . . . shall be served on
each of the parties") (emphasis added).  These rules indicate that ex parte proceedings are
the exception, not the rule, and the Civil Rules do not designate discovery proceedings as
ones that may be heard ex parte.  <u>See</u> <u>Pruett</u>, 133 F.3d at 279 n.8.  It is therefore clear that
a party asking the court to consider or enter an order ex parte is obliged to provide the
basis for such authority.

[5]Section 848(q)(9) has since been repealed.

7

subpoenas at government expense upon an ex parte showing of the defendant's financial need, and a finding that the subpoena is necessary for his defense.  Id.  A handful of courts have extended the express authority in Rule 17(b) to allow the ex parte issuance of trial subpoenas duces tecum under Rule 17(c).  See id. (citing United States v. Beckford, 964 F.Supp. 1010, 1018-20 (E.D. Va. 1997); United States v. Florack, 838 F.Supp. 77 (W.D.N.Y. 1993)).

The petitioner in Pruett relied upon section 848(q)(9) in arguing that the ex parte allowance should be extended to discovery matters.  However, the Fourth Circuit disagreed, finding that discovery was not a "service" as anticipated in the statute, and that the rationale for permitting ex parte proceedings under section 848(q)(9) did not apply to discovery.  The court explained that provisions for ex parte proceedings under section 848(q)(9) and Rule 17 are designed to "simply level the playing field between petitioners able to purchase (and thereby not disclose to the opposing side) the usual litigation services – experts, investigators, subpoena-servers – and those forced to request payment of these services from the court."  Pruett, 133 F.3d at 279.  The Fourth Circuit concluded that there is not a sufficient rationale for allowing petitioners to deny nonmoving parties notice and the opportunity to be heard in general discovery motions outside of the realm of circumstances anticipated by section 848(q)(9) and Rule 17.  "Indigent and non-indigent alike must file their discovery motions beforehand, serve notice on the

8

nonmoving party, and convince the judge that there is good cause for the request. *There is no statutory authority to proceed otherwise*." Id. at 280 (emphasis added).[6]

I find Pruett to be persuasive authority and will rely on it in ruling here. Accordingly, I conclude that Petitioner's ex parte motion is not expressly or impliedly authorized by Rule 6 of the Rules Governing Section 2254 Cases. Also, any expansion of the record pursuant to Rule 7 requires that parties against whom the additional materials are offered be given an opportunity to be heard.

For all the reasons that ex parte requests are the exception rather than the rule, Petitioner's ex parte submission simply appears improper, particularly in the absence of any stated justification. I can discern no reason for Respondents not to be given notice and an opportunity to be heard, particularly where Petitioner seeks specific medical evidence (without a release) in support of an ineffectiveness claim already considered and rejected by the state courts following a hearing on trial counsel's decision not to obtain the identical medical evidence. Therefore, I will direct the Clerk's Office to file

---

[6]A few cases have discussed Pruett, but not on the specific question presented here. See, e.g., In re Beard, 383 Fed. Appx. 136, 139 (3d Cir. 2010) (discussing court's mandamus authority); Thomas v. Yates, No. 1:05-cv-1198, 2009 WL 2424683, at *2 (E.D. Cal. Aug. 7, 2009) (discussing but not deciding whether respondents were entitled to be heard in opposition to discovery request under Rule 6); Orbe v. True, 201 F. Supp.2d 671, 677-78 (E.D. Va. 2002) (holding that Rule 6 and federal discovery rules do not authorize pre-petition discovery); Dechaine v. Warden, No. 00-123, 2000 WL 1183165, at *17 (D. Me. July 18, 2000) (citing Pruett for proposition that Rule 6 is the only avenue for obtaining discovery in section 2254 cases).

Petitioner's motion, and give Respondents 14 days from the date of the accompanying order in which to file a response to the motion on the merits.

An appropriate order follows.